

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 480 | **DATE** | 2/12/2002 |
| **CASE TITLE** | USA, ex rel JOHNNIE B. JONES vs. MICHAEL V. NEAL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Petitioner Johnnie B. Jones is not exempt from having to exhaust state court remedies before proceeding on his federal habeas petition. Petitioner, Johnnie B. Jones' federal habeas petition is dismissed. [7-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 1 3 2002 | |
| | Notified counsel by telephone. | | date docketed | 15 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | 02 FEB 12 PM 7:38 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. JOHNNIE B. JONES | ) ) ) | |
| Petitioner, vs. | ) ) ) ) | Hon. Ronald A. Guzman 01 C 0480 |
| MICHAEL V. NEAL, | ) ) | |
| Respondent, | ) ) ) | |

DOCKETED
FEB 1 3 2002

## MEMORANDUM OPINION AND ORDER

Petitioner Johnnie B. Jones was convicted of armed robbery before a jury and is serving a thirty-year sentence. After filing a series of motions in state court seeking to vacate his sentence on the grounds of ineffective assistance of counsel, Petitioner now petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss because petitioner has not exhausted all his state appeals. The issue before the court is whether the Petitioner is exempt from having to exhaust state court remedies before proceeding on his federal habeas petition due to the seven-year delay on his state post-conviction appeal. For the reasons stated below, the petition for writ of habeas corpus is dismissed.

### Background Facts:

Petitioner Johnnie B. Jones is a prisoner of the state of Illinois at Danville County Correctional Center. In 1992 he was convicted of armed robbery and was sentenced to a thirty-year term in the Illinois Department of Corrections. The conviction was affirmed on appeal in 1993. On August 5, 1994, Jones filed a pro-se petition for post-conviction relief in the Circuit Court of Cook County. In it, Jones raised the issues of ineffective assistance of trial counsel and a number of other assertions. The judge granted a continuance on the post-conviction petition to January 24, 1995. The proceedings were then twice continued by agreement to March 9, 1995 and then to June 8, 1995. On June 8, 1995, a public defender was appointed to represent Petitioner. At the present date, over seven years from the date petitioner filed his original

1

petition; the matter is still being continued and the appointed counsel has yet to file an amended petition on Petitioner's behalf.

Meanwhile, on January 23, 2001, Petitioner filed a pro se petition for writ of habeas corpus in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 2254. In the habeas petition, Petitioner claims he has been deprived of due process and equal protection because the proceedings on his post-conviction petition have been unduly delayed; that he was deprived of due process and equal protection because his sentence is disparate to that of his co-defendant; that he has been deprived of due process and equal protection because the Cook County State's Attorney's Office has not complied with the state post-conviction relief statute in that counsel was appointed to represent Petitioner; and the proceedings on the matter have been unduly delayed.

On February 2, 2001, this court directed the respondent to address the issue of undue delay in the state post-conviction proceeding. The respondent filed this motion to dismiss on the ground that Petitioner had failed to exhaust his state court remedies.

## Discussion

Federal courts may issue a writ of habeas corpus if a petitioner demonstrates that he is "in [state] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Moffat v. Gilmore*, 113 F.3d 698, 702 (7th Cir. 1997). The petitioner is entitled to federal habeas relief when he has exhausted all available state remedies and fairly presented his constitutional claims to the state courts. *Mornient-El v. DeTella*, 118 F.3d 535, 538 (7th Cir. 1997). A petitioner has exhausted his state court remedies when he has previously presented the constitutional issue to the highest state court for a decision on the merits or when he has no further means for obtaining review of his conviction in state court. *Wallace v. Duckworth*, 778 F.2d 1215, 1219 (7th Cir. 1985). This requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731, (1991). If Petitioner fails to satisfy these requirements, the petition is barred either for a failure to exhaust state remedies or for procedural default. *Henderson v. Thieret*, 859 F.2d 492, 496 (7th Cir. 1988).

Although Petitioner has not exhausted his state court remedies, he asks this court for habeas corpus relief based on the seven years that his state petition has been pending. He argues

2

that this delay violates his right to due process and equal protection under the federal constitution.

There are two exceptions to the exhaustion requirement: 1) if there is no state corrective process available, or 2) if circumstances exist which render such process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254 (b); *Sceifers v. Trigg*, 46 F.3d 701 (7th Cir. 1995). Petitioner argues that the excessive delay of seven years has rendered the state processes ineffective. (Pet.'s Reply, p. 4) *Jenkins v. Gramley*, 8 F.3d 505, 508 (7th Cir. 1993); *United States ex rel. Davis v. Gilmore*, 1990 WL 7183, at *2 (N.D. Ill. Jan. 16, 1990).

The Seventh Circuit has previously held that when state court delay is "inordinate," a district court must hold a hearing to determine whether the delay is justifiable. *Dozie v. Cady*, 430 F.2d 637, 638 (7th Cir. 1970). If the delay cannot be justified, the court must hear the habeas petition on its merits. *Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981). Inordinate, unjustifiable delay in a state court collateral appeal can excuse a Petitioner from the exhaustion requirement. *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997).

Here, Petitioner argues that his court-appointed state attorneys have caused the delay by repeatedly consenting to continuances every three months since 1994. However, the case law in the Seventh Circuit is clear that there is no constitutional right to an attorney in collateral proceedings, and therefore errors committed by appointed counsel are not attributable to the state. *Lane v. Richards*, 957 F.2d 363, 365 (7th Cir. 1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, (1987)). Thus, as in *Lane*, neither the seven-year delay nor the continuances (to which Petitioner's lawyers consented) can be charged to the Illinois judiciary. As a result, these delays do not render the state process ineffective under § 2254(b)(1)(B)(ii). *United States ex rel. Walton v. Gilmore*, 1997 U.S. Dist. LEXIS 1213 No. 96 C 2375 at *2 (January 31, 1997); *Sceifers*, 46 F. 3d at 703-4 (holding that a delay of 132 months was not inordinate because it was partially the fault of petitioner's counsel); *Lane*, 957 F.2d at 365 (holding that a delay of sixty-two months was not inordinate because the petitioner's public defender requested a continuance); *United States ex rel. Hayes v. Washington*, 1995 U.S. Dist. LEXIS 6933, No. 94 C 942, 1995 WL 314545, at *2 (N.D. Ill. May 19, 1995) (holding that a delay of approximately sixty months was not inordinate because the petitioner's attorney did not object to a number of continuances).

Although the delay in his case is appalling, Petitioner has never filed a motion to have his court appointed counsel removed. To obtain prompt hearing, prisoner may have to choose

3

between being represented by counsel on collateral attack and proceeding pro se. *Hayes*, 1995 U.S. Dist. LEXIS 6933, No. 94 C 942 at *6 (citing *Lane*, 957 F. 2d at 364-65). The law is clear that the court cannot excuse petitioner from fulfilling his requirement to exhaust state court remedies.

## Conclusion

For the above reasons, Petitioner Johnnie B. Jones is not exempt from having to exhaust state court remedies before proceeding on his federal habeas petition. Petitioner's federal habeas petition is dismissed (#7-1).

SO ORDERED:    ENTER. 2/12/02

HON. RONALD A. GUZMAN
United States Judge

4